UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                  :

MAKHAMADZHAN IMINOV and
MAKHMUD ABDURAKHMANOV,

                              Plaintiffs,     :    **<u>MEMORANDUM DECISION</u>**
                                    :    **<u>AND ORDER</u>**

        - against -                :
                                    :    26-cv-1652 (BMC)

CEVA CONTRACT LOGISTICS,
INC., CEVA FREIGHT, LLC, and
LUIS VASQUEZ-GOMEZ,

                            Defendants.   :
------------------------------------------------------------- X

**COGAN**, District Judge.

      Defendants are two logistics companies and a truck driver who removed this action to federal court based on diversity jurisdiction.  Plaintiffs sued in state court after one of defendants' trucks collided with a car, injuring plaintiffs.  Plaintiffs demanded damages in excess of "basic economic loss" under N.Y. Ins. Law § 5102, *i.e.*, in excess of $50,000.  According to defendants, because both plaintiffs seek more than $50,000 each, the amount in controversy ("AIC") is at least $100,000, and thus the $75,000 threshold under 28 U.S.C. § 1332(a) is met.  Defendants are wrong, and the Court must remand this case.

      Federal "diversity jurisdiction provides 'a neutral forum' for parties from different States."  Home Depot U.S.A., Inc. v. Jackson, 587 U.S. 435, 438 (2019).  But diversity of the parties, by itself, is not enough, as the AIC must be more than $75,000.  28 U.S.C. § 1332(a).  In other words, Congress created diversity jurisdiction to provide a neutral forum for diverse parties, but only for cases where the AIC was "big enough."  Normally, the AIC is based on the

plaintiff's allegations: if the plaintiff demands more than $75,000, Congress considers the case is "big enough" for diversity jurisdiction.  If not, then not.

When multiple plaintiffs sue the same defendant in one case, each claim must individually satisfy the AIC requirement, even if the claims stem from the same incident.  Troy Bank v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911) ("[W]hen two or more plaintiffs [unite] in a single suit, it is essential that the demand of each [meet] the requisite jurisdictional amount").  This is the "general rule of non-aggregation for purposes of determining the [AIC]." Steinberg v. Nationwide Mut. Ins. Co., 418 F. Supp. 2d 215, 218 (E.D.N.Y. 2006).

This general rule exists because "the purpose of the [AIC] requirement is to reduce congestion in the federal courts."  See Lynch v. Household Fin. Corp., 405 U.S. 538, 549 (1972). That purpose would be stymied if plaintiffs, who normally control whether the AIC is met, could aggregate otherwise insufficient claims.  See Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) ("[T]he plaintiff is 'the master of the complaint,' and therefore controls much about [the] suit." (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-399 (1987))).

However, aggregation of claims is proper "to reach the jurisdictional minimum [only] 'when [the] plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest.'"  Gilman v. BHC Sec., Inc., 104 F.3d 1418, 1422 (2d Cir. 1997) (quoting Zahn v. International Paper Co., 414 U.S. 291, 294 (1973)).  In other words, plaintiffs can aggregate claims that can only be remedied by a finite *res* (*i.e.*, a finite source of funds or property) that exceeds the jurisdictional threshold.  Id. at 1423.[1]

---

[1] Using the terms "aggregation" and "non-aggregation" in this sense is somewhat of a misnomer.  When multiple plaintiffs' claims can only be remedied by a finite *res*, it is not as if the values of the plaintiffs' claims are being "added" together to determine the AIC.  Rather, the AIC is determined by something other than the plaintiffs' claims: the value of the finite *res*.  But viewing the concepts mathematically makes some intuitive sense because unless the "added" value of the plaintiffs' claims exceeds the jurisdictional requirement, there is no jurisdiction, even if the claims could only be remedied by a finite *res*.

In Agoliati v. Block 865 Lot 300 LLC, No. 19-cv-5477, 2023 WL 8618234, at *2 (E.D.N.Y. Dec. 13, 2023), for example, eight plaintiffs, as tenants-in-common, had an undivided interest in a $584,000 property.  If liquidated, each plaintiff's interest, and thus each plaintiff's claim, would only be worth $73,000, barring them from federal court under the general non-aggregation rule.  But because each plaintiff's claim ($73,000) could only be satisfied by a finite *res* (the property), the AIC was determined by the value of the property ($584,000), which exceeded the jurisdictional threshold ($75,000).  Thus, federal diversity jurisdiction existed.

Some cases "allowing aggregation of claims … involve a single … insurance policy." Colon v. Rent-A-Center, Inc., 13 F. Supp. 2d 553, 559 (S.D.N.Y. 1998) (quoting Gilman, 104 F.3d at 1422).  And here, two plaintiffs assert claims against defendants that would ostensibly be remedied by a single insurance policy, which might suggest that aggregation is proper.  But the Second Circuit's reference to insurance in Gilman was not a blanket holding that insured claims can be aggregated, even if arising from a single incident.

Indeed, the Second Circuit rejected that explicitly, recognizing that "claims by [multiple plaintiffs] for lost income and personal injuries arising from [one incident] were … not aggregable for jurisdictional purposes because 'one plaintiff's recovery is neither dependent upon, nor necessarily reduced by, another's.'" Gilman, 104 F.3d at 1422 (quoting ANPAC v. Dow Quimica de Colombia, S.A., 988 F.2d 559, 563 (5th Cir. 1993)).  Put differently, insurance claims can be aggregated only when the insurance policy creates a "common fund [in which] several parties have a common, undivided interest," id. at 1423, *i.e.*, a finite *res*.

This is not such a case.  Rather, as in ANPAC, 988 F.2d at 563, our two plaintiffs' "recovery is neither dependent upon, nor necessarily reduced by [the] other's."  Therefore, their

3

claims are "separate and distinct," such that each "must satisfy the jurisdictional-amount requirement." Zahn, 414 U.S. at 300

"[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). By merely alleging damages "greater than basic economic loss as defined in Section 5102, [*i.e.*,] an amount up to $50,000," plaintiffs' complaint did not do so. Chao Ma v. United Rentals (N. Am.), Inc., 678 F. Supp. 3d 412, 416 (S.D.N.Y. 2023); see Stewart v. Singh, 808 F. Supp. 3d 533, 544 (E.D.N.Y. 2025).

Accordingly, defendants must "wait[] to remove until the damages have been specified." Moltner, 623 F.3d at 38. Defendants contend that judicial economy counsels against remanding this case, in part because plaintiffs will soon respond to defendants' demand to specify the value of plaintiffs' damages. That may be right. But judicial convenience is no substitute for jurisdictional requirements. See Holiday v. Johnston, 313 U.S. 342, 352 (1941).

## CONCLUSION

This case is remanded to the Supreme Court of the State of New York, Kings County, Index No. 504969/2026, for lack of subject matter jurisdiction.

**SO ORDERED.**

*Brian M. Cogan*

Dated:   Brooklyn, New York
      April 6, 2026

U.S.D.J.

4